dagghirp                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                      13 CR 268 (JMF)

NICHOLAS HIRSCH,

               Defendant.

------------------------------x

                                  New York, N.Y.
                                  October 16, 2013
                                  2:00 p.m.


Before:

                    HON. JESSE M. FURMAN,

                                       District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
KRISTY GREENBERG
BENJAMIN NAFTALIS
     Assistant United States Attorneys

ALSTON & BIRD
     Attorneys for Defendant
BY:  CRAIG CARPENITO
     BRIAN FIELDS

1          (Case called)

2          MS. GREENBERG:  Kristy Greenberg and Josh Naftalis for

3     the government.  Good afternoon.

4          THE COURT:  Good afternoon.

5          MR. CARPENITO:  Craig Carpenito and Brian Fields on

6     behalf of Nicholas Hirsch.  Good afternoon.

7          THE COURT:  Good afternoon to all of you.

8          My understanding is that the defendant wishes to plead

9     guilty to Count 15 of Indictment 13 CR 268; is that correct?

10          MR. CARPENITO:  Yes.

11          THE COURT:  Before I accept your guilty plea,

12     Mr. Hirsch, I need to ask you certain questions so I can

13     establish to my satisfaction that you are pleading guilty

14     because you are, in fact, guilty and not for some other reason.

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  You can have a seat for now.  I'll tell

17     you when you can stand.

18          In order to satisfy myself that you understand what

19     you are giving up by pleading guilty and that you understand

20     the potential consequences of a guilty plea, including the

21     sentence that may be impose imposed upon you, it is absolutely

22     essential, therefore, that you understand each of my questions

23     before you answer them.

24          If you have any doubt, if you're confused, if you want

25     to talk to your lawyers at any point for any reason, let me

dagghirp                    Plea

 1   know.  I will clear the matter up and give you whatever time

 2   you need to talk to them, okay?

 3            THE DEFENDANT:  Yes.

 4            THE COURT:  If you could move the microphone so you're

 5   speaking into it, that way, the court reporter will be able to

 6   hear you as well as I.

 7            I'll begin by administering the oath, so now you can

 8   rise and please raise your right hand.

 9            (Defendant sworn)

10            THE COURT:  You may be seated.  You are now under oath

11   which means if you answer any of my questions falsely, you may

12   be subject to prosecution for the separate crime of perjury.

13            Do you understand that?

14            THE DEFENDANT:  Yes, I do.

15            THE COURT:  What is your full name?

16            THE DEFENDANT:  Nicholas Benjamin Hirsch.

17            THE COURT:  How old are you?

18            THE DEFENDANT:  Thirty-five.

19            THE COURT:  How far did you go in school?

20            THE DEFENDANT:  College degree.

21            THE COURT:  Where was that?

22            THE DEFENDANT:  Columbia University?

23            THE COURT:  Have you ever been treated or hospitalized

24   for any mental illness?

25            THE DEFENDANT:  No.

dagghirp                    Plea

1          THE COURT:  Are you now or have you recently been

2     under the care of a doctor or psychiatrist?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Have you ever been treated or hospitalized

5     for any kind of addiction, including any drug or alcohol

6     addiction?

7          THE DEFENDANT:  No.

8          THE COURT:  Have you taken any drugs, medicine or

9     pills or drunk any alcoholic beverages in the past two days?

10         THE DEFENDANT:  No, your Honor.

11         THE COURT:  Is your mind clear today?

12         THE DEFENDANT:  Yes, your Honor.

13         THE COURT:  Do you understand what's going on here

14    today?

15         THE DEFENDANT:  Yes, I do, your Honor.

16         THE COURT:  Mr. Carpenito, have you discussed this

17    matter with Mr. Hirsch?

18         MR. CARPENITO:  Yes, I have.

19         THE COURT:  Does he understand the rights that he

20    would be giving up by entering a guilty plea?

21         MR. CARPENITO:  Yes, your Honor.

22         THE COURT:  In your judgment, is he capable of

23    understanding the nature of these proceedings?

24         MR. CARPENITO:  Yes.  He is cognizant of both the

25    penalties he faces, the charges against him and all of the

1  rights that are contained in the forms that were submitted to

2  the Court.

3       THE COURT:  Does either counsel have any doubt as to

4  the defendant's competence to plead guilty at this time?

5       MS. GREENBERG:  No, your Honor.

6       MR. CARPENITO:  No, your Honor.

7       THE COURT:  On the basis of Mr. Hirsch's responses to

8  my questions, my observations of his demeanor here in court and

9  the representation of counsel, I find that he is fully

10 competent to enter an informed plea of guilty at this time.

11      Mr. Hirsch, have you received a copy of the indictment

12 containing the charge against you?

13      THE DEFENDANT:  I have, your Honor.

14      THE COURT:  Did you read it?

15      THE DEFENDANT:  Yes, I did, your Honor.

16      THE COURT:  Have you had enough time to discuss with

17 your lawyers the charge, as well as any possible defenses to

18 that charge?

19      THE DEFENDANT:  I have, your Honor.

20      THE COURT:  Has your lawyer explained to you the

21 consequences of entering a plea of guilty?

22      THE DEFENDANT:  He has, your Honor.

23      THE COURT:  Are you satisfied with his representation

24 of you?

25      THE DEFENDANT:  Yes, your Honor.

dagghirp                    Plea

1          THE COURT:  I'm going to explain to you certain rights

2    that you have under the Constitution and laws of this country.

3    These are rights that you would be giving up by entering a

4    guilty plea.  Again, I want you to listen carefully and if

5    there's something you don't understand, let me know and either

6    your lawyers or I will explain it more fully to you.

7          I understand or I believe that you signed a written

8    advice-of-rights form prior to us proceeding.  I have one here.

9          Is that your signature on page two of that form?

10         THE DEFENDANT:  Yes, it is, your Honor.

11         THE COURT:  Before you signed that form, did you read

12   it?

13         THE DEFENDANT:  I did.

14         THE COURT:  Did you discuss it with your lawyers?

15         THE DEFENDANT:  I did, your Honor.

16         THE COURT:  Did they explain it to you?

17         THE DEFENDANT:  They did, your Honor.

18         THE COURT:  I'm going to mark this as Court Exhibit 1

19   and provide it to the government following these proceedings to

20   retain in its possession.  I'm also going to go over with you

21   many of the same things orally because, again, it's so

22   important for me to make sure that you understand the

23   consequences of a guilty plea.

24         Under the Constitution and laws of the United States,

25   you have a right to plead not guilty to the charge in Count 15

dagghirp                    Plea

1   of the indictment.

2           Do you understand that?

3           THE DEFENDANT:  I do, your Honor.

4           THE COURT:  If you did plead not guilty, you'd be

5   entitled to a speedy and public trial by a jury on the charge

6   contained in the indictment.

7           Do you understand that?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  At a trial, you would be presumed to be

10  innocent and you would not have to prove that you were

11  innocent.  Instead, the government would be required to prove

12  you guilty by competent evidence beyond a reasonable doubt

13  before the jury could find you guilty.

14          Do you understand that?

15          THE DEFENDANT:  Yes, your Honor.

16          THE COURT:  A jury of 12 people would have to agree

17  unanimously that you were guilty.

18          Do you understand that?

19          THE DEFENDANT:  Yes, your Honor.

20          THE COURT:  At that trial and at every stage of your

21  case, you would be entitled to be represented by a lawyer and

22  if you could not afford a lawyer, one would be appointed, at

23  public expense, free of cost, to represent you.

24          Do you understand that?

25          THE DEFENDANT:  I do, your Honor.

dagghirp                    Plea

1          THE COURT:  At trial, witnesses for the government

2     would have to come to court and testify in your presence.  Your

3     lawyer would have an opportunity to cross-examine those

4     witnesses and object to evidence offered by the government

5     against you.  In addition, your lawyer would be able to offer

6     evidence on your own behalf if you so desired and you'd have

7     the right to have subpoenas issued or other process used to

8     compel witnesses to come to court and testify on your behalf.

9          Do you understand all of that?

10          THE DEFENDANT:  Yes, I do, your Honor.

11          THE COURT:  At a trial, you'd have the right to

12     testify and if you chose to do so, you would also have the

13     right not to testify.  If you chose not to testify, no one,

14     including the jury, could draw any inference or suggestion of

15     guilt from the fact that you chose not to testify.

16          Do you understand that?

17          THE DEFENDANT:  I do, your Honor.

18          THE COURT:  Before trial, you would have an

19     opportunity to seek suppression or exclusion of some or all of

20     the evidence the government may use against you at trial.

21          Do you understand that?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  If you were convicted at a trial, you'd

24     have the right to appeal that verdict.

25          Do you understand that?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  If you plead guilty, you also have to give

3    up the right not to incriminate yourself because I may ask you

4    questions about what you did in order to satisfy myself that

5    you are pleading guilty because you are, in fact, guilty.  You

6    would have to admit and acknowledge your guilt.

7          Do you understand that?

8          THE DEFENDANT:  Yes, I do, your Honor.

9          THE COURT:  If you plead guilty, and if I accept your

10   plea, you will give up your right to a trial and the other

11   rights I have just mentioned, other than your right to a lawyer

12   which you keep whether or not you plead guilty.

13         But there will be no trial and I'll enter a judgment

14   of guilty and sentence you on the basis of your plea after I

15   have received a report from the United States Probation

16   Department and any submissions that I get from your lawyer and

17   from the lawyer for the government.

18         There will be no appeal with respect to whether the

19   government could or could not use the evidence that it has

20   against you or with respect to whether you did or did not

21   commit the offense charged in Count 15.

22         Do you understand all of that?

23         THE DEFENDANT:  Yes, I do, your Honor.

24         THE COURT:  Even now as you are entering this plea,

25   you have a right to change your mind and plead not guilty and

1   go to trial on the charge contained in the indictment.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Do you understand each and every one of

5   the rights that I have just explained to you?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Are you willing to give up your right to a

8   trial and the other rights I have just discussed with you?

9              THE DEFENDANT:  Yes, I am, your Honor.

10             THE COURT:  Do you understand that you are charged in

11  Count 15 with conspiracy to commit wire fraud in violation of

12  Title 18, United States Code, Sections 1343 and 349?

13             THE DEFENDANT:  I do.

14             THE COURT:  Ms. Greenberg, would you please state the

15  elements of that offense?

16             MS. GREENBERG:  Yes.  The elements of that offense are

17  as follows:  First, that at or about the time alleged in the

18  indictment, there was an agreement between two or more persons

19  to execute a scheme or artifice to obtain money or property by

20  false and fraudulent pretenses, representations, or promises;

21  second, that the defendant knowingly devised or participated in

22  the scheme with knowledge of its fraudulent nature and with

23  specific intent to defraud; and third, that interstate wires

24  were used, or were to be used, in furtherance of the scheme.

25             THE COURT:  Do you understand that if you were to go

dagghirp                    Plea

1   to trial, the government would have to prove each of those

2   elements beyond a reasonable doubt before the jury could

3   convict you?

4           THE DEFENDANT:  Yes, I do, your Honor.

5           THE COURT:  Now I'm going to tell you what are the

6   maximum possibility penalties for this crime.  By maximum, I

7   mean the most that could possibly be imposed upon you.  It

8   doesn't necessarily mean it is what you will receive, but you

9   have to understand that by pleading guilty to this crime, you

10  are exposing yourself to a combination of punishments up to the

11  maximum that I'm about to describe.

12          Do you understand that?

13          THE DEFENDANT:  Yes, I do, your Honor.

14          THE COURT:  First, let me tell you what the possible

15  restrictions on your liberty are.  The maximum term of

16  imprisonment for this crime is 20 years which could be followed

17  by a maximum term of three years of supervised release.

18  Supervised release means that you'd be subject to supervision

19  by the Probation Department.

20          There will be rules of supervised release that you

21  would have the follow and if you violated those rules, you

22  could be returned to prison to serve additional time without

23  credit for any time you served on the underlying sentence and

24  without credit for any time served on postrelease supervision.

25          Do you understand that?

dagghirp                    Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  You should understand that there is no

3    parole in the federal system.  If you are sentenced to prison,

4    you would not be released early on parole.  There is a limited

5    opportunity to earn credit for good behavior, but you would

6    have to serve at least 85 percent of any time to which you were

7    sentenced.

8          Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  In addition to these restrictions on your

11    liberty, the maximum possible punishment also includes certain

12    financial penalties.  The maximum allowable fine is the

13    greatest of $250,000, twice the gross pecuniary or financial

14    gain derived from the offense, or twice the gross pecuniary

15    loss to someone other than you as a result of the offense.  In

16    addition, I can order restitution to any person or entity

17    injured as a result of your criminal conduct.

18          Ms. Greenberg, is there restitution at issue here?

19          MS. GREENBERG:  No, your Honor.

20          THE COURT:  I can also order you to forfeit all

21    property derived from the offense or used to facilitate the

22    offense.  And in that regard, I note in the plea agreement that

23    you have entered with the government, which we'll talk about

24    shortly, you have admitted to the forfeiture allegation with

25    respect to Count 15 in the indictment and you've agreed to

dagghirp                    Plea

1   forfeit a sum of money equal to $25,000 in United States

2   currency.  Finally, I must also order a mandatory special

3   assessment of $100.

4          Do you understand that these are the possible maximum

5   penalties?

6          THE DEFENDANT:  Yes, I do, your Honor.

7          THE COURT:  Are you a United States citizen,

8   Mr. Hirsch?

9          THE DEFENDANT:  Yes, I am, your Honor.

10          THE COURT:  Do you understand that as a result of your

11   guilty plea, you may lose certain valuable civil rights to the

12   extent that you have them now or could otherwise obtain them,

13   such as the right to vote, the right to serve on a jury, the

14   right to hold public office, and the right to possess any kind

15   of firearm?

16          THE DEFENDANT:  Yes, I do.

17          THE COURT:  Are you serving any other sentence, either

18   state or federal, or being prosecuted in any other court at

19   this time?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Do you understand that if your lawyer or

22   anyone else has attempted to predict for you what your sentence

23   will be in this case, their prediction could be wrong?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  It's important for you to understand that

no one, not your lawyer, not the lawyer for the government, no

one can give you any assurance of what sentence you will

receive and that is because I, and I alone, will determine what

your sentence is.

I'm not going to do that today.  As I mentioned

before, I'm going to wait until I get a presentence report

prepared by the United States Probation Department.  That

report will describe the Probation Department's view of how the

United States Sentencing Guidelines apply to you and your case.

I'll do my own independent calculation of the

guidelines.  I will consider any submissions I receive from

your lawyer and from the lawyer for the government.  And I will

consider the factors set forth in statute Title 18, United

States Code, Section 3553(a), all to determine what an

appropriate sentence is for you.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you discussed those matters with your

lawyers?

THE DEFENDANT:  I have, your Honor.

THE COURT:  Even if your sentence is different from

what your lawyer or anyone else has told you it might be, even

if it is different from what you expect or hope it to be or

even if it's different from what may be contained in your

agreement with the government, which we'll talk about in a

1    moment, you will still be bound by your guilty plea and will

2    not be allowed to withdraw your plea.

3            Do you understand that?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  As I have mentioned, I understand that

6    there is a written plea agreement entered into between you,

7    your lawyer, and the lawyer for the government.

8            Is that correct?

9            THE DEFENDANT:  Yes, your Honor.

10           THE COURT:  I have the original letter plea agreement

11   dated October 4, 2013, from Assistant United States Attorneys,

12   Kristy Greenberg and Harris Fischman, addressed to your lawyer,

13   Craig Carpenito.  I'll mark this as court 2 and provide it to

14   the government to retain in its possession, as well.

15           Did you sign the original of this plea agreement on

16   the last page, page six?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  I see that it is dated today, October 16.

19   Did you do so prior to these proceedings?

20           THE DEFENDANT:  Directly prior.

21           THE COURT:  Was that in the presence of your lawyer?

22           THE DEFENDANT:  It was, your Honor.

23           THE COURT:  Before signing it, did you read the

24   agreement?

25           THE DEFENDANT:  I did, your Honor.

dagghirp                    Plea

1           THE COURT:  Did you discuss it with your lawyer?

2           THE DEFENDANT:  Yes, your Honor.

3           THE COURT:  Did he answer all of your questions about

4    it?

5           THE DEFENDANT:  He did, your Honor.

6           THE COURT:  Did you fully understand it?

7           THE DEFENDANT:  I did, your Honor.

8           THE COURT:  One of the features of this agreement is

9    that you have agreed on the guidelines range, that is, the

10   applicable range under the United States Sentencing Guidelines.

11          Is that correct?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  It is important for you to understand that

14   that agreement is binding on you and it's binding on the

15   government, but it is not binding on me.  As I mentioned

16   before, I have my own independent obligation to determine the

17   correct guidelines range in your case and what an appropriate

18   sentence is.

19          That is not to say that I will come up with a

20   different range.  I may well reach the same conclusion that you

21   and the government have reached in this agreement.  But if I

22   came to a different conclusion, even if the range that I

23   calculated was higher than the one set forth in this agreement,

24   you would still be bound by your plea, and you would not be

25   entitled to withdraw it.

dagghirp                    Plea

1            Do you understand?

2            THE DEFENDANT:  Yes, your Honor.

3            THE COURT:  In your plea agreement, you have waived

4    your right to appeal or otherwise challenge any sentence that

5    is within or below the stipulated sentencing guidelines range

6    of four- to ten months' imprisonment.  That means if I sentence

7    you to ten months in prison, or anything less than that, that

8    you would have given up your right to appeal or otherwise try

9    to challenge that sentence.

10            Do you understand that?

11            THE DEFENDANT:  Yes, your Honor.

12            THE COURT:  Does this written plea agreement

13    constitute your complete and total understanding of the entire

14    agreement between you and the government?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  Has anything been left out of this plea

17    agreement?

18            THE DEFENDANT:  No, your Honor.

19            THE COURT:  Other than what is written in this

20    agreement, has anyone made any promise to you or offered you

21    any inducement either to plead guilty or to sign the agreement?

22            THE DEFENDANT:  No, your Honor.

23            THE COURT:  Has anyone threatened you or forced you to

24    plead guilty or to sign the agreement?

25            THE DEFENDANT:  No, your Honor.

dagghirp                    Plea

1          THE COURT:  Has anyone made any promise to you as to

2    what your sentence will be in this case?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  Mr. Hirsch, I'd like you now to tell me in

5    your own words what you did that makes you believe you are

6    guilty of the charge in Count 15.

7          THE DEFENDANT:  I have prepared a sentence statement

8    that I can read from.

9          THE COURT:  That is fine.

10         THE DEFENDANT:  I believe my attorney has given it to

11   the government.

12         Between March 2012 and June 2012, I conspired with

13   another to defraud an individual by omitting material facts

14   concerning the sale of a piece of art so that I could profit

15   from the sale.  In doing so, I used emails to send information

16   about the painting to that individual via interstate wire

17   service.  Money was also transferred through interstate wire.

18   As a result, I received $25,000.  In my communications with the

19   individual to whom I sold the painting, I withheld material

20   information about the economics of the transaction,

21   specifically, my financial interest in the sale.

22         THE COURT:  Did you or someone else in connection with

23   this scheme do anything within Manhattan or the Bronx?

24         THE DEFENDANT:  Yes, in Manhattan, your Honor.

25         THE COURT:  When you did these things, did you know

dagghirp                    Plea

1    that what you were doing was wrong and illegal?

2           THE DEFENDANT:  I did, your Honor.

3           THE COURT:  Mr. Carpenito, do you know of any valid

4    defense that would prevail at trial or do you know of any

5    reason why your client should not be permitted to plead guilty?

6           MR. CARPENITO:  No, your Honor.

7           THE COURT:  Ms. Greenberg, are there any additional

8    questions that you'd like me to ask of Mr. Hirsch?

9           MS. GREENBERG:  No, your Honor.

10          THE COURT:  Would you please summarize what the

11   government's evidence would be if the defendant were to go to

12   trial.

13          MS. GREENBERG:  Yes, your Honor.

14          If this case were to go to trial, the government's

15   evidence would consist of, among other things, wire tap

16   interceptions, specifically, discussions between the defendant

17   and codefendant Hillel Nahmad in which they conspired to

18   defraud an individual to pay more for a painting than it was

19   worth.

20          The government's evidence would also consist of bank

21   records showing payment from an individual to a bank account

22   that was associated with codefendant Hillel Nahmad in

23   Switzerland, as well as emails that were obtained by search

24   warrant in which the defendant and Mr. Nahmad discussed the

25   sale of the painting.

1       THE COURT:  Do both counsel agree that there is a

2   sufficient factual basis for a guilty plea in this case?

3       MS. GREENBERG:  Yes, your Honor.

4       MR. CARPENITO:  Yes, your Honor.

5       THE COURT:  Does either counsel know of any reason

6   that I should not accept the defendant's plea of guilty?

7       MS. GREENBERG:  No, your Honor.

8       MR. CARPENITO:  No, your Honor.

9       THE COURT:  Mr. Hirsch, because of your knowledge that

10  you are, in fact, guilty as charged in Count 15 in the

11  indictment as I'm satisfied that you know of your rights,

12  including your right to go to trial, and that you are aware of

13  the consequences of your plea and the sentence that may be

14  imposed upon you, and because I find that you are knowingly and

15  voluntarily pleading guilty, I accept your guilty plea and

16  enter a judgment of guilty on Count 15 of the indictment.

17      The Probation Department will want to interview you in

18  connection with the report that I mentioned before.  If you

19  choose to speak to the Probation Department, it is absolutely

20  essential that everything you say is truthful and accurate.

21  Aside from the fact that that's required by law, the report is

22  important to me in deciding what sentence to impose upon you.

23      Before sentencing, you and your lawyers will have an

24  opportunity to review the report.  I urge you to review it

25  carefully.  If there are any mistakes in it or anything that

1  you want to bring to my attention, share that with your lawyer

2  and make sure that he does so.

3          Do you wish to be present, Mr. Carpenito, for any

4  interview in connection with the report?

5          MR. CARPENITO:  No, your Honor.

6          THE COURT:  Sentencing will be set for February 25,

7  2014, at 3:15.  I direct the government to provide the

8  probation officer with its factual statement of the offense

9  within seven days.  Defense counsel must arrange for the

10  defendant to be interviewed by the Probation Department within

11  the next two weeks.

12          I'll refer both counsel to my individual rules and

13  practices for criminal cases available on the website.  It

14  contains some guidance with respect to sentencing submissions.

15  And in accordance with those rules, defense submissions are due

16  two weeks prior to sentencing; the government's submissions are

17  due one week prior to sentencing.

18          Ms. Greenberg, is there any objection to the present

19  bond being continued through the date of sentence?

20          MS. GREENBERG:  No, your Honor.

21          THE COURT:  I will continue the present bond

22  conditions.

23          Mr. Hirsch, that means the conditions upon which you

24  have been released up until now will continue to apply through

25  the date of sentencing.  And you should understand that if you

dagghirp                    Plea

1    violate any of those conditions, that could have very serious

2    consequences for you at the time of your sentence.

3              Do you understand that?

4              THE DEFENDANT:  I do, your Honor.

5              THE COURT:  You should also understand that you have

6    to be in this courtroom at the date and time that I just set.

7    If you are not, you will be guilty of another crime, and that

8    is bail jumping.  And you may be subject to a fine and/or a

9    prison term, in addition to whatever you may receive or will

10   receive in connection with your guilty plea in this case.

11             Do you understand that?

12             THE DEFENDANT:  I do, your Honor.

13             THE COURT:  There is one other matter.  I have

14   received a consent order of forfeiture.  It appears to have

15   been signed and dated today by Mr. Hirsch, as well as

16   Mr. Carpenito.

17             Is that correct?

18             MR. CARPENITO:  That's correct.

19             THE COURT:  Is there any objection to my signing it?

20             MR. CARPENITO:  No.

21             THE COURT:  I will do so.

22             Is there anything else, Ms. Greenberg?

23             MS. GREENBERG:  No.

24             THE COURT:  Is there anything else, Mr. Carpenito?

25             MR. CARPENITO:  No.

dagghirp                    Plea

1          THE COURT:  In that case, we are adjourned.

2          Thank you very much.

3          MS. GREENBERG:  Thank you.

4          (Adjourned)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25