# EXHIBIT N

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

    Re:   United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman,

    My name is Anya Moers.  I have known Nick Hirsch for twenty years, since he was a freshman and I was a sophomore at the same high school.  I was a transfer student, and Nick was one of the first friendly faces to introduce himself and welcome me to my new school.  From that moment, I knew Nick was special.  Even as a freshman in high school, he could sense my vulnerability, and he responded with an outstretched hand that started a very important friendship.  That friendship has now spanned two decades and crosses the Atlantic Ocean, as I write this from my home in Italy where I live with my husband and three our girls, ages 10, 8 and 5.

    Nick made the intimidating world of our high-intensity school seem safe for me. Together, Nick and I survived Algebra and the ups and downs of high school, supporting and encouraging each other along the way.  Our time in high school ended, but our friendship did not.  I moved to France to attend The American University in Paris, and a year later Nick did the same, enrolling a year behind me.

    In Paris, Nick and I resumed our strong friendship, and he resumed his role of watching over me as if I were his sister, making me feel safe in a foreign country many miles from home. At one point, we even shared an apartment together. (Nick was the consummate roommate -- responsible, respectful of my privacy, and very trustworthy.)  Nick was not just there in the good times; he was my only "family" in Paris when I got sick and

needed someone to take care of me.

He was then -- and still is today -- the person who makes me laugh the hardest in this world. He is a jubilant spirit with a boundless appetite for making his friends happy. It is not surprising that he had so many good friends at the University, people from all over the world who he still keeps in touch with today. He treasures his friends and I consider myself lucky to be one of them. He is respectful of others, both male and female. He is smart and personable, kind and sympathetic. And he is somebody that you can count on.

After a few years in Paris, I moved to London and then to Milan where I live now. When I visit New York with my family, I make it a priority to see my old friend. It is important to me that my daughters grow up knowing Nick. Nick was the person I leaned on in a new school, and then in a foreign country, and it is important that my daughters know the person who supported me when I needed it most.

I know that Nick fully understands that what he did was wrong. I know that he is very sorry for the suffering that he has caused the victim and for the pain he has caused his family. I have seen him face this difficult time in his life with humility and repentance. Knowing Nick the way I do, and based on what he has said to me over the last few months, I can say unquestionably that this is a mistake that will never be repeated again.

Respectfully submitted,

*Anya Sabrina Moers*

Anya Sabrina Moers

cc:   Craig Carpenito, Esq.
      Harris Fischman, Assistant U.S. Attorney

# EXHIBIT O

**Ezra S. Nasser**

████████████

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re:  United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

February 4, 2014

Dear Judge Furman:

Thank you for considering my letter in support of the character of Nicholas Hirsch.

As background, I work in the field of real estate investment and am also a member of the New York State Bar.  Nick and I first met around fifteen years ago through mutual friends, and he has been one of my closest friends for about ten years.  Nick and I speak on the phone a few times a day and see each other socially several times a week. I think it is fair to say we have spent a lot of time together the past several years.

I understand from speaking with Nick that he has plead guilty to having committed fraud.  I know that he deeply regrets the behavior which led to the unfortunate situation in which he now finds himself.  I realize it is difficult for the court to get to know a defendant as well as a longtime friend would, so I would like to illuminate the good qualities Nick possesses that have drawn me to him as one of my best friends.

Nick is someone whose advice I trust.  He has been there for me when I have needed personal guidance during tough times over the past several years.  I have always felt very comfortable telling Nick things that I would feel at ease revealing to very few others, including very serious family matters.  I could do this because I knew that Nick would keep everything in the strictest confidence.  More importantly, I could always rely on the fact that his advice would be well thought-out and that he would consider every one of my issues as seriously as he might consider his own.  There exists a strong level of trust between us that reflects Nick's high level of character and integrity.  I know that he truly cares for my welfare and will do his utmost to help me when his assistance is called upon.

It is clear to me that the virtues of Nick's character are a result of his strong sense of family.  Nick is a very devoted son and brother and knows the importance of having a tight family.  He spends a lot of time with his family and knows how fortunate he is to have them close to him.  Nick never misses a family event and is not only his parents' son but their friend, as well.  I believe Nick's family-centered upbringing was a big factor in creating the selfless friend that I know.

Outside of my relationship with Nick, a small example might be helpful in illustrating the foundation of Nick's character: Nick's favorite activity is playing chess in Washington Square Park, especially when it involves teaching little kids to play. Where some might be frustrated teaching an 8-year-old to play a complicated game, Nick not only has incredible patience but relishes the opportunity to cause others to enjoy that which he enjoys.

As you might imagine, having known Nick for many years and having extolled only a small selection of his virtues above, I was quite shocked when I first heard of his arrest and indictment. It did not make sense to me and was something completely uncharacteristic of Nick. He knows that what he did was a serious mistake and has spent the last ten months bearing the difficult burden of its consequences on his shoulders.

I hope that my letter has helped give a small glimpse of what a good person Nick really is and hope that you will judge Nick as favorably as possible.

Respectfully Submitted,

Ezra Nasser

Cc:    Craig Carpenito, Esq.
       Harris Fischman, Assistant U.S. Attorney

# EXHIBIT P

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re:    *United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)*

February 9, 2014

Dear Judge Furman:

My name is Emily Paulshock.  Nicholas Hirsch and I have known each other for ten years.  I am the mother of a one a half-year-old and currently work as a consultant for a publicly traded company in Manhattan.

Nick is a true friend and I treasure our relationship.  When our paths first crossed, I was new to New York City, having moved here from a small town in Florida to attend Columbia University.  We first connected when I learned he had already graduated from the same university, and become increasingly close thereafter.  Nick helped to ease the enormous transition I underwent during my first few years in Manhattan, taking me under his wing and helping to protect me from the wolves.  I quickly began to look up to him for his intelligence, strong moral compass and selflessness.  Nick is the kind of person I want my young daughter around, an example of the kind of man I hope she will befriend when she grows up.  I have always counted Nick as one of my closest friends, someone who will go out of his way to support me, and he has continually proven this to be true.

Though Nick and I dated in the past, I've always been able to go to him with any problem, even a romantic one, and be treated respectfully and without judgment. I feel this says a lot about Nick as a person because few men I have shared my life with in the past have displayed such maturity and kindness *after* our romantic relationship has ceased.  Nick helped me handle a difficult situation with my daughter's father in 2012.  At the time, I believed that the relationship was no longer tenable because I was not being treated properly.  Nick encouraged me to focus on my daughter maintaining a strong relationship with her father, rather than impulsively lashing out due to pride.  In part because of his guidance, I was able to stay calm and pragmatic enough to establish a functional co-parenting relationship without engaging in a contentious legal battle.  For this reason (and countless others) I'm eternally grateful to have Nick in my life.

I have never questioned Nick's ability to discern right from wrong in all our years as friends.  I feel that this case represents conduct that is grossly out of character, so much that it was very hard for me to fathom it at first.  Nick is someone who takes pride in being a good person, who not only aspires to do the right thing personally but also encourages others to follow suit.  I have spoken to him about the case and I know he is

heartbroken and ashamed to have disappointed his family and friends, especially since so many people consider him such an upstanding man and mentor. He has worked hard to make amends for his wrongs, to become a better version of himself.

Over the past nine months, I have seen Nick suffer tremendously. He has, at least metaphorically, already been in a certain kind of prison, and I do not believe time behind actual bars is necessary for him to understand how serious this case is. I sincerely believe that he has learned a harsh lesson, and that he is far too intelligent and earnest to make the same mistake twice.

Respectfully submitted,

Emily Paulshock

# EXHIBIT Q

*The Honorable Jesse M. Furman*
*United States District Court*
*Southern District of New York*
*Thurgood Marshall U.S. Courthouse*
*40 Foley Square, Courtroom 1105*
*New York, NY 10007*

   re:   *United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)*

*Dear Judge Furman:*

My name is Marat Rosenberg. I am one of the owners of Halter Financial Group, a leading consulting firm specializing in financing and listing companies on US exchanges. Our firm has enjoyed a leadership position in the market in our space since 1995 and I am proud of the reputation and track record that we have been able to achieve over the years.

I have had the pleasure of knowing Nicholas Hirsch for over 14 years now. Over these years our relationship began professionally and evolved into a close personal family relationship, where I am proud to consider Nicky to be one of my closest friends in the world. While I understand that Nick is pleading guilty to fraud, I am honestly finding it very difficult to reconcile this fact with the person that I know.

I first met Nick when I hired him out of Columbia first as an intern in 1999 (he worked for me during his years at Columbia working almost full time hours while still going to classes), and then for his first job right after Columbia in 2002, then again rehiring him again to a major promotion in running the operation of our broker-dealer Halter Financial Securities in 2008. Professionally, I have had the pleasure of watching him grow in his understanding of the financial world and becoming a top performer in everything he ever took on. Nick's intelligence, tact and hard work became his known trademark internally with me and my partners, as well as our clients. But behind all of this, there was an underlying decency, honesty, integrity and loyalty. At Halter, Nick was entrusted with running his own P&L and handled millions of dollars of transactions. Across all the transactions, not only was there never a hint of impropriety, but I actually remember several incidents where he went above and beyond to make sure that a client's interests were served at the financial expense of the firm. Though we worked in the financial world, notorious for its greed and me first attitude, Nick never put his own interests above the good of the transaction or the team, and was always cognizant and stressing the interest of others and what was fair.

On a personal level, even though he is several years my junior, there are countless times that I have relied on him and Nick is someone you can trust and depend on. He is also a person with an amazing heart, love of family and friends, unlike one you typically encounter, and someone that would do anything for a stranger, let alone for a friend or loved one. He is a very well educated and cultured person, with many interests outside of finance including science, film, history and politics. And I have always enjoyed the countless hours we have spent discussing all our common interests.

I also have the pleasure of knowing Nick's entire family, who are some of the most decent and honorable people that I have met, and know the tremendous suffering and burden that these events

had placed on them.  Throughout Nick has handled himself with honor and grace even during this most difficult time in his life.

Nick is loved by many, and I trust that as you read the many letters from the people that know Nick well and whose life he touched, that you will see the recurring themes of who Nicholas Hirsch really is. Despite this irreconcilable transgression, I know that Nick is destined for great things in his life and the best is yet to come.

Respectfully submitted,

Marat Rosenberg

cc:   *Craig Carpenito, Esq.*
      *Harris Fischman, Assistant U.S. Attorney*

# EXHIBIT R

February 1, 2014

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

    re:   United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman:

      I am an attorney admitted to practice law in the State of New York. I am a Shareholder of Schechter & Hillo, PC, a New York City based law firm and the Co-Chairman of the National Law Institute, a New York/New Jersey accredited Continuing Legal Education provider.

      And I am also a close friend and former employer of Nicholas Hirsch.

      I first met Nicholas in or about 2000 or 2001. At the time, Nicholas was a student at Columbia University and I was the general counsel of Atlas Capital Services, LLC, a boutique investment bank located in New York City. Atlas had hired Nicholas (along with another student) as an intern. From the outset, Nicholas hit the ball out of the park. He was smart, capable, and diligent. We worked closely together on reviewing due diligence materials, prospectuses and deal terms.

      After his internship expired, Atlas offered Nicholas full time employment. It was an easy decision as Nicholas demonstrated all of the qualities and characteristics we were looking for in an analyst/investment banker.

      During the next seven years or so, Nicholas and I continued to work closely together and a mentor/mentee friendship evolved. Nicholas quickly rose through the ranks, eventually becoming an integral member of the management team of Atlas -- a position he was most suited for. Not only was Nicholas hard working, but he also demonstrated a keen moral and ethical compass. When most bankers asked "can we do something?" he asked the more difficult question: "should we do something?"

      Since I left Atlas in 2007, Nicholas and I have remained close friends. While I have continued to mentor Nicholas over the years, I am happy to say that as much as he has learned from me, I have learned from him.

      As much as I was surprised to hear about the government's accusation against Nicholas (as it was antithetical to the person I have known for almost 14 years), I was not shocked by how Nicholas has accepted responsibility for this single, temporary lack in judgment.

Nicholas is a great "kid," who suffered a temporary brain freeze. This one incident does not (and should not) define who he is and who he is still yet to be. He has done much good and has much good to contribute to society both professionally and personally. I urge the Court to deal with him with great leniency and sentence him to the lowest sentence allowable under the law.

Respectfully submitted,

Robert Schechter, Esq.

cc:   Craig Carpenito, Esq.
      Harris Fischman, Assistant U.S. Attorney

# EXHIBIT S

The Pinnacle Building
3455 Peachtree Road North East
5th Floor
Atlanta, GA 30326

Tel: 404 410 7932
Fax: 404 492 7981
www.asknectar.com

nectar

February 5, 2014

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

     re:    United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman:

    I am a financial consultant who specializes in providing accounting, operations, compliance and general management advice to financial service company owners and executives. I have been consulting owners and executives since 2001. I am currently the Managing Director and principal of Nectar Consulting, and prior to my current role, the CFO of Capital Markets Compliance, LLC. Prior to that time, I was a Capital Markets Specialist with the Federal Reserve Bank of Atlanta, and prior to that a Compliance Examiner with the Financial Industry Regulatory Authority ("FINRA"). When I worked with FINRA it was known as NASD Regulation, Inc., and I began with them as they had just completed that split in the division from NASD in 1997.

    In my professional career I have been tasked in every position with assessing compliance, regulation, and more generally how those combine with accounting, operations, and risk management as those disciplines are applied in regulated industries, to ensure firms are safe and sound in their regulated business practices. When I was with FINRA, I was directed to review some of the more complicated compliance and operationally difficult firms in the southeastern United States. While at the Federal Reserve Bank I was assigned to rate and assess risk management around interest rate risk and asset/liability management for a couple of the largest state chartered Federal Reserve Member banks and Bank holding companies in Mississippi, Alabama, and Georgia. I was also requested to teach asset securitization and interest rate risk within the Federal Reserve System.

    I met Nicholas Hirsch through my financial consulting activities in May of 2009, just as he was hired as the Chief Executive Officer ("CEO") of Halter Financial Securities, Inc. I had been the Corporate Financial Officer ("CFO") and provided daily compliance services for the firm through contract. Mr. Hirsch was assuming duties from the previous CEO and the shareholders asked me to help Mr. Hirsch become registered with the firm and transition into his position. My transition duties, helping Mr. Hirsch, ended up turning into an ongoing consultation role and then into a friendship as well. I continued to help Mr. Hirsch as he had questions or wanted to review scenarios with me that he faced in his responsibilities to ensure that he was reviewing items and activities properly. Mr. Hirsch had hired a new CFO, but still felt compelled to double check that all of the operations and accounting were also being processed and reported properly, and would often have me review items and activities, including perform an annual inspection of the firm's compliance with its supervisory and compliance procedures that were in place at the firm. Mr. Hirsch performed in this role for 3 ½ years.

    Since I have known Mr. Hirsch he has been appropriately concerned with being compliant in his activities and those of the firm's in which he works. As you may understand, this is a crucial element of how financial service companies work. This responsibility involves adherence to ethical and operational standards that measure a minimum set of criteria in which a firm may operate without disciplinary actions being taken by the industry regulators. Mr. Hirsch has always wanted to operate

United States District Court
United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)
Page 2 of 2

within a safe boundary of the minimum compliant activity, and would often express his desire to stay far from any grey areas.

Personally, Mr. Hirsch and I have a friendly relationship.  We will occasionally have dinner when I am in town, or otherwise speak on the telephone.  I have found him to be an intelligent, caring, thoughtful, and truthful person. He thinks of and suggests activities where I can save money (certain purchases), make money (investment suggestions), have fun with my family (electronic gizmos and apple TV), and often just relax (vacation spots and dinner spots).

He is also truthful in our personal interactions and especially when he feels I need to avoid an activity that would be risky and place myself in a compromising position, or potentially subject to litigation or unwanted confrontation.  I have experienced this in general discussions about work situations with him where he was not a part, but we were just conversing about "work stuff".

I hope this letter has been useful in telling my history with Mr. Hirsh and some of his characteristics.

Respectfully submitted,

Jonathan Self

cc:   Craig Carpenito, Esq.
      Harris Fischman, Assistant U.S. Attorney

# EXHIBIT T

Benjamin Steiner



February 5, 2014

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

      Re: United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman:

My name is Benjamin Steiner.  I have lived in New York City since the age of five, where I still reside with my wife and our two children.  I am the owner of SIR Advisors an investment bank focused on the emerging markets.  Perhaps most pertinent to the Court, I am a lifelong friend of Nicholas Hirsch, and I am proud to submit this letter to Your Honor today to vouch for his exemplary character.

I am confident that I know Nick as well as any person possibly could.  I have known him for more than 20 years, when we met at a school sporting event.  Although we attended rival high schools in Manhattan, we quickly became the best of friends and remain so to this day.

There is no one I trust more.  Indeed, when it came time for my wife and I to decide who to entrust with the  financial well-being and future of our greatest love in life, our children, we turned to Nick to be the protector of a trust that was created for their benefit.  As the protector, Nick's responsibilities include supervising the trustees who manage the trust assets.  It is a position of great importance; Nick is required to oversee the trust management and guard against misconduct. He has the power and responsibility to remove the trustee if he believes doing so is in the best interest of my children.  As I expected, Nick has been a wonderful addition to the management of the trust since its inception and we fully intend on keeping Nick on in this capacity moving forward.  I assure you that if Nick's integrity, ethics or trustworthiness were at all in question, as a loving father, I would take swift action to replace him with someone who did possess those character attributes to protect my children.   To the contrary, even with the knowledge that Nick has made a grave mistake and will stand before Your Honor to accept responsibility later this month, my wife and I derive much comfort knowing that, if anything were to happen to us, our children would be in safe hands with Nick overseeing their trust administration.

In addition to calling Nick one of my closest friends, we have also had the opportunity to work together over the past few years. Professionally, Nick has proven himself to be a hard-working leader with true character and a reputation for doing the right thing. Nick and I worked together from 2010 to 2012 at Halter Financial Securities. Nick worked primarily with the emerging markets of Brazil, South Africa, and Turkey. It was our responsibility to pursue stand-out companies in these markets and encourage them to complete "going public" transactions in the United States. One of the main selling points of this transaction is that companies are rewarded for transparency with superior valuations when trying to obtain financing. In essence, we try and promote companies to put in place best practices relating to morality and ethics across all segments of their own businesses, and in return they get cheaper financing. Nick performed these duties at the highest level. His dedication to his work, under extremely demanding circumstances, always impressed me.

Nick and I have continued to work together even after we both left Halter Financial Securities. Before his arrest, he and I were business partners in several domestic and international projects. I had planned for Nick to assume significant responsibilities as these projects grow. Nonetheless, because of his legal problems, Nick voluntarily stepped aside, explaining that it was best for our projects that he not be involved until his legal situation was resolved. I was disappointed to lose my most trusted business partner and friend, but I admired Nick's sense of responsibility and ability to do the right thing, even under the most challenging of circumstances. He is the consummate team player.

I am fully aware of the events surrounding Nick's arrest and guilty plea. Through countless conversations, I know that Nick has accepted full responsibility for his actions, and deeply regrets what he has done. I am convinced that he has learned a valuable lesson from this unfortunate event.

The legal process has already had a very significant impact of Nick. In my humble view, it is now imperative that he rejoin the teams he was previously involved with so that he may continue to work towards becoming a successful and contributing member of society. I have discussed with Nick the future of our business operations and the important role that I expect him to assume in the near future. With this Court's mercy and compassion, I am asking that Your Honor not incarcerate my friend and allow him to return to his family, friends and professional colleagues. I am very confident Nick will do the right thing from here on out.

Thank you for your time and consideration in this matter.

Sincerely,

Ben Steiner

Cc:    Craig Carpenito, Esq.
       Harris Fishman, Assistant U.S. Attorney

2

# EXHIBIT U

2/7/2014


The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007


re:    United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)


Dear Judge Furman:

When I heard that Nick Hirsch had encountered legal difficulties, I was shocked.
However, as I began to understand the circumstances under which the charges arose, the
situation made a bit more sense.

I have known Nick for seven years.  We met through a mutual friend on long runs
through Central Park. Although Nick does not often run, he had woken up early to train
with a friend who was struggling to control his weight.  Nick is not a great athlete and so
his presence that morning, good humor, and positive attitude over many long miles made
a huge difference to our friend. It would be safe to say that Nick does not like to exercise,
but what he does like to do is support friends who need his help.

About two years ago, a company I co-founded was forced to close following the loss of
our largest client.  I work in financial services, and the job market was extremely
challenging. Nick was one of the first people I contacted for help in my job search.  I
knew he would be willing to stick his neck out to help me wherever he could.  And that
he did, both at his own employer and through his professional connections.  I greatly
appreciated his efforts, thoughtfulness, and kindness at that difficult moment.

As I know him, Nicky is a compassionate, intelligent, and dedicated young man.  I have
seen an inspiring resilience in him while facing these life-altering charges.  I know he has
suffered tremendously over the past year, and I am certain he would be very grateful for
the chance to move on as a stronger, more careful person.  I believe Nicky is very worthy
of that opportunity.

Thank you very much for your consideration. Please feel free to contact me with any
further questions.

Best,



Jay Van Sciver

# EXHIBIT V

January 28, 2014

The Honorable Jesse M. Furman
United Sates District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re: United States vs. Nicholas Hirsch, 13 Cr.268 (JMF)

Dear Judge Furman,

My name is Kimberly Velentzas. I am a wife, mother of two, former teacher, and PTA Executive Board member. I am an active member of my children's school and Long Island community where I live. I am writing to you today on behalf of my cousin, Nicholas Hirsch.

I am blessed to have known Nicholas--"Nicky"-- since the day he was born. As cousins, growing up in New York, in an Italian family, Nicky and I, along with his brothers, my sisters, and both of our parents (my father and Nicky's mother are brother and sister) would spend the traditional Sunday dinners, gathered around our grandparents' table. Out of town cousins and family members joined in on occasion, but those of us living within close proximity of our grandparents, as my and Nicky's families did, were expected to be together for Sunday dinner. Every Christmas day was spent at Nicky's parents' home in East Hampton, with our grandparents, a multitude of cousins, aunts, uncles, extended family and the random Christmas "orphan". Once again, the expectation was that we all be together for this, and other equally important special days. I could not even begin to count the number of birthdays, anniversaries, weddings, graduations, summer barbeques and other celebrations our family shared over the years. This instilled in Nicky and me, along with our siblings and other cousins, a strong sense of family and support of one another, a trait that remains strong in Nicky.

As a child, Nicky was quiet and undemanding and has remained so as an adult. He has grown to be compassionate, considerate and caring to all who know him. My sister recently returned to New York, after living out of state for many years. During that time she and Nicky saw each other when she was in New York on business or for family events and holidays. Now that she has returned to New York, Nicky frequently stops in at her place of business to check in on her and see if she needs anything. This is the type of man my cousin is-one who maintains his sense of family and loyalty. I am grateful that he takes the time to check in on her.

Close ties to family and friends provide a support system for Nicky in which to stay focused and successful in life. He has remained in New York City where he was born and raised and where his parents live. My husband, children and I, and other cousins, aunts and uncles, are nearby on Long Island

and Queens, and we all remain close and an integral part of each other's lives.   My children are lucky to have Nicky close by to share with them the same sense of family and commitment that he learned around our grandparents' Sunday table.

I hope this letter conveys the caring, compassionate, family-oriented man my cousin Nicholas Hirsch is; traits that were instilled in him at an early age and have stayed with him throughout his life.  Nicky has told me, and other family members, how genuinely sorry he is for having broken the law, and how concerned he is that this not reflect negatively on the rest of us nor influence our feelings for him.  He told me that even if we don't get together as often as we would like to, he knows we're all out there in his corner and how important that is to him.  With love and support, we all stand beside Nicky as he makes positive strides towards his future.

Thank you for your time and consideration.

Respectfully submitted,

Kimberly D. Velentzas

cc:  Craig Carpenito, Esq.
     Harris Fischman, Assistant U.S. Attorney

# EXHIBIT W



February 2, 2014

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re:  United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman,

I am writing on behalf of my nephew, Nicholas Hirsch.  My sister is Nicky's mother.  I live in
California, just outside of Los Angeles.  I have been a licensed a Real Estate agent for the past 15
years working with Coldwell Banker.  Previously, I was a Vice President and Store Manager with
Macy's New York.  I also sit on the Board of Directors of La Reina High School, a private school
located in Thousand Oaks, as well as Mary Health of the Sick, a Convalescent Hospital, also
located in Thousand Oaks.

My sister and I are very close and as a result, I have been intimately involved in Nicky's life since
his birth.  I would hear stories of his constant achievements in school and could not have been
more proud when he was accepted to The American University in Paris.  Right before my eyes he
was speaking fluent French and conducting himself with an air of sophistication that went
beyond his years.  Later when he graduated from Columbia University, I watched as both he and
my sister simultaneously received their undergraduate degrees.  What an amazing achievement!

Nicky's strong sense of family has kept him close to his brothers and to his cousins in California,
Las Vegas and New York.  One of my three sons is the same age as Nicky.  As children, they were
the family comedians and used their quick witted sense of humor to create an endearing
atmosphere at family gatherings.  As an adult, Nick has maintained that endearing quality yet
has often been a councilor to his siblings and cousins.  They look up to him and respect his views
on almost any subject.  It is obvious the loyalty he demonstrates to his family has carried over to
his friends and business associates.

In speaking with Nick regarding his current difficulties, it is clear that he is not only remorseful,
but that he has learned a life lesson throughout this ordeal.  He takes his lack of judgment very
seriously but is a quick learner and has a desire to please others.  I am confident that these
factors will serve him well as he moves forward with his life, anxious to make amends and regain
the respect of those who have been affected by his actions.

Respectfully submitted,

Francine Weisbecker

Francine Weisbecker

cc:  Craig Carpenito, Esq.
     Harris Fischman, Assistant U.S. Attorney

# EXHIBIT X



**P&J**

**Pat & Joel Weissman**

January 28, 2014

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

      re: United States v. Nicholas Hirsch, 13 Cr. 268 (JMF)

Dear Judge Furman:

Roseann and Barry Hirsch, parents of Nicholas Hirsch, are close friends and have been our next door neighbors in East Hampton since 1977. During all that time, we have spent almost every weekend together. Each family becoming an extension of the other.

The Hirsches have three sons and we have two, so the four of us have watched all of them grow up as friends. From Roseann's father, "Grandpa Frank", taking them clamming down by Gardiner's Bay to Barry and I driving them to Hebrew school every Sunday in preparation for their Bar Mitzvahs. To the holiday dinners and special occasions we've shared together both in East Hampton and New York.

Throughout all that time, we have witnessed their boys and ours become fine young men. Each eventually going their own way, but each remaining close to their family and thoughtful of one another. Nicky Hirsch is no exception.

Even though he and his brothers, Brian and Jonathan, went to different schools than our sons, on Saturdays, Sundays and holidays they were all together, whether it was playing in their special tree house or body surfing at Main Beach.

Upon graduating high school in 1996, Nicky was ready for college. Being a good student, and wanting an education that could broaden his horizons with more than an American perspective on life, he applied to and was accepted in American University of Paris.

In the spring of his first year at school, my wife and I planned a trip to France, and of course we visited with Nicky. Both to get an 'insiders' look of life in Paris, and to assure his parents that he was doing just fine. I remember sitting at a little outdoor café, waiting for him to join us for lunch. Then out of a crowd, this tall, good-looking guy, with a book bag slung over one shoulder, came walking over to our table. There was Nicky, no longer the gangly kid we knew, but a mature, confident young man, who seemed perfectly at home in a city with a different language and a European culture. It's strange, but of those three weeks we spent in France, that afternoon with Nicky was one we will always remember. Perhaps it was the comfortable feeling of belonging he projected about living in Paris on his own.

– 2 –

Nicky spent 2½ years in Paris when he decided it was time to come home and complete his education in New York, where he could focus his efforts in his chosen field – finance. And so he completed his education at Columbia University, graduating in 2002. But for us, it was those years in Paris that gave him an appreciation for others that helped make him who he is today.

That humanity was never more revealed when one day his roommate, Gerard Jeffrey, an epileptic, had a seizure while locked in the bathroom of their apartment. Without hesitating, Nicky called 911, then broke down the door, giving Gerard his medication, and helping to save his life.

Today Nicky is a bright, loving and considerate adult – close with his family and loyal to his friends. And my wife and I are delighted to consider him a part of our lives.

While we understand the trouble Nicky is in and how seriously he takes it, he has expressed to us on several occasions about how naïve he was to have gotten involved in this, the lesson he has learned, and how he will forever be remorseful for the part he played.

Earlier in this letter I mentioned spending many a holiday dinner with Nicky and his family, both in East Hampton and New York. Well, this Thanksgiving, it was not only wonderful to share the good times once again with all 16 of us sitting around the holiday table, but heart-warming to see Nicky and his brother Jonathan, getting down on the floor of our living room to play Monopoly with our grandkids, laughing and telling stories of the Hirsch and Weissman boys growing up together in their house and ours.

Respectfully submitted,

Joel Weissman                    Pat Weissman

cc: Craig Carpenito, Esq
    Harris Fischman, Assistant U.S. Attorney